**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

IN THE MATTER OF:

AFFORDABLE BOATING OF
NORTH FLORIDA, LLC, as
titled owner, and CONSTANCE
ANNETTE KOONCE, as owner
pro hac vice, of the 2023 21'
Bennington Marine Pontoon boat
bearing hull identification
number ETWN9873E323 and
Florida Registration FL 5936TN,
together with her Engine, Tackle,
Appurtenances, Equipment, Etc.,
in a cause for Exoneration from
or Limitation of Liability,

Case No. 3:26-cv-190-MMH-PDB

     Petitioners.

                                       /

**<u>ORDER</u>**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Petitioners initiated this action on January 30, 2026, by filing a Complaint for Exoneration from or Limitation of Liability (Doc. 4; Complaint). On February 18, 2026, the claimant, Nancy DeSoto, (Claimant) filed a Motion to Dismiss Complaint for Exoneration and Limitation (Doc. 11; Initial Motion). Petitioners filed their Response in Opposition to Nancy DeSoto's Motion to Dismiss the Petition as Untimely (Doc. 12; Response), on March 4, 2026. Therefore, at that time, the Initial Motion was

fully briefed and ripe for review. However, one week later, Claimant filed an Amended Motion to Dismiss Complaint for Exoneration and Limitation (Doc. 13; Amended Motion), filed March 11, 2026.[1] The filing of the Amended Motion was improper and not authorized by the Federal Rules of Civil Procedure. Indeed, it was filed after briefing on the Initial Motion had closed, without leave of Court, and seemingly in response to Petitioners' Response. As such, the Court will strike the Amended Motion.[2] Accordingly, it is

**ORDERED**:

---

[1] In both motions, Claimant argues that the Complaint is due to be dismissed because it is untimely. See generally Initial Motion; Amended Motion. But, in the Amended Motion, Claimant attaches a new exhibit and provides additional information in support of her argument. Compare Amended Motion at 3–4, with Initial Motion at 3.

[2] The Court also cautions counsel as to requirements of Local Rule 3.01(g), Local Rules of the United States District Court for the Middle District of Florida (Local Rules)). Notably, Local Rule 3.01(g) requires a movant to certify that, before filing a motion, it "confer[red] with the opposing party in a good faith effort to resolve the motion." See Local Rule 3.01(g). As such, before filing the Amended Motion, Claimant's counsel was required to confer with opposing counsel on the Amended Motion. While counsel certified that he conferred with opposing counsel regarding the Amended Motion on February 18, 2026, see Amended Motion at 4, the Court notes that February 18, 2026, is also (1) the date that the Initial Motion was filed and (2) the same date that counsel certified he conferred with opposing counsel on the Initial Motion. See Initial Motion at 4. If Claimant's counsel only conferred with opposing counsel on the Initial Motion, he did not comply with the requirements of Local Rule 3.01(g) as to the Amended Motion.

Claimant's Amended Motion to Dismiss Complaint for Exoneration and Limitation (Doc. 13) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Counsel of Record

- 3 -